IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CRIMINAL CASE NUMBER: |
| | : 1:19-CR-160-LMM-JSA |
| MICHAEL TERRELL, | : |
| Defendant. | : |

# ORDER AND REPORT AND RECOMMENDATION

Defendant has moved to dismiss Count Four of the Indictment, which pursuant to 18 U.S.C. § 924(c) charges him with possessing and brandishing a firearm in connection with a crime of violence, to wit, forcible assault on a federal officer. Defendant argues that assault on a federal officer at least as pleaded in this case cannot categorically be considered a "crime of violence" for purposes of § 924(c), and that Count Four must be dismissed under the Supreme Court's precedents including *Descamps v. United States*, 570 U.S. 254 (2013) and *Johnson v. United States*, 559 U.S. 133, 140 (2010). This issue is currently pending before the Eleventh Circuit but has not been addressed by that court or by the Supreme Court to date. Nevertheless, the issue has been addressed by numerous other Circuits and lower courts in this Circuit, all of which have ruled in favor of the Government and against dismissal. Based on this persuasive authority, the Court

1

**RECOMMENDS** that the Defendant's Motion to Dismiss Count Four [48] be **DENIED**.

> Count Four of the Indictment charges:
>
> On or about March 2, 2019 . . . MICHAEL TERRELL, aided and abetted by others known and unknown to the Grand Jury, did knowingly possess and brandish a firearm in furtherance of a crime of violence for which he may be prosecuted in a Court of the United States, that is forcible assault of a federal employee engaged in the performance of the employee's duties, in violation of Title 18, United States Code, Sections 111(a)(1) and (b), as alleged in Count Three of this Indictment…

[10] at p. 2. Count Three, which is incorporated into Count Four, alleges that the Defendant "did forcibly assault, resist, oppose, impede, intimidate, and interfere" with the victim, a U.S. Postal carrier engaged in his official duties, "and in doing so, used a deadly and a dangerous weapon, to wit, a firearm, all in violation of [18 U.S.C. §§ 111(a)(1) & (b)]." *Id*.

The term "crime of violence" is defined in relevant part, in the so-called "force/element clause" of 18 U.S.C. § 924(c)(3)(A), as a felony that "has an element the use, attempted use, or threatened use of physical force against the person or property of another." The Supreme Court has interpreted "physical force" for purposes of the definition of "crime of violence" under other statutes as "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140. The statute also includes a so-called "residual clause," which defines a second type of crime that would qualify as a "crime of

violence," that is, a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). The Supreme Court, however, found the "residual clause" of § 924(c) to be unconstitutionally vague, *see United States v. Davis*, 139 S.Ct. 2319, 2336 (2019), just as the Court had previously found with regard to the similar residual clause under the Armed Career Criminal Act, *see Johnson*, 559 U.S. at 140. Thus, Count Four can only stand if it alleges, among other elements, that Defendant engaged in a crime of violence that meets the force/element clause.

In analyzing whether a crime qualifies as a "crime of violence" under § 924(c)'s force/element clause, the Court must employ a categorical approach, considering only the "elements of the offense" and not "the specific conduct of this particular offender." *United States v. Chitwood*, 676 F.3d 971, 977 (11th Cir. 2012). In other words, the Court must consider whether all of the conduct covered by § 111(b) necessarily falls under the definition of a crime of violence.

Defendant points out that not all crimes encompassed by 18 U.S.C. § 111 meet the definition of crimes of violence. In particular, Defendant argues, and the Government does not dispute, that § 111(a) by itself includes both a misdemeanor offense, and a simple felony offense, neither of which requires more than minimal force. Thus, as the Government does not dispute, a mere violation of forcible

assault against a federal officer under § 111(a) does not categorically satisfy the definition of being a "crime of violence."

However, the Indictment in this case does not charge a mere § 111(a) violation alone. Rather, Count Four alleges a violation of § 111(a)(1) and § 111(b). While § 111(b) requires a violation of § 111(a), it also includes an added element, that is, that the Defendant either "uses a deadly or dangerous weapon … or inflicts bodily injury . . . ." Although neither the 11th Circuit nor the Supreme Court have addressed the question as of this date, many other circuit court opinions, and other district court opinions within this circuit, that have found charges under 18 U.S.C. § 111(b) to be crimes of violence for purposes of § 924(c). Indeed, as the 1st Circuit has stated:

> In assessing whether the enhanced versions of § 111(b) are crimes of violence, [the court does] not write on a clean slate. In fact, every court [this court is] aware of that has considered the issue has found that it is because the elements of the enhanced offense require the use, attempted use, or threatened use of force capable of causing pain or injury.

*United States v. Taylor*, 848 F.3d 476, 491-492 (1st Cir. 2017) (citing *United States v. Rafidi*, 829 F.3d 437, 446 (6th Cir. 2016); *United States v. Hernandez-Hernandez*, 817 F.3d 207, 215 (5th Cir. 2016); *United States v. Green*, 543 Fed. Appx. 266, 272 (3rd Cir. 2013); *United States v. Juvenile Female*, 566 F.3d 943, 948 (9th Cir. 2009) ); *see also United States v. Wing*, 2016 WL 6803695, at *6 (D. Colo. November 17, 2016) (joining other courts "in concluding that conviction

4

under § 111(b) includes as an element the 'use, attempted use, or threatened use of physical force'") (gathering authority).  In an opinion currently under appeal before the Eleventh Circuit, Judge Ross of this Court, in adopting a recommended ruling from Magistrate Judge King, similarly found that a violation of § 111(b) categorically qualifies as a "crime of violence" under § 924(c).  *See United States v. Bates*, 2017 WL 9439178 (N.D. Ga. June 1, 2017), *report and recommendation adopted by*, 2017 WL 3158792 (N.D. Ga. July 24, 2017).

      Defendant, by contrast, cites no cases that have found charges under § 111(b) to categorically fail to meet the "crime of violence" definition.  The Court is persuaded by the strong weight of the caselaw pointing in the prosecution's favor.  As *Rafidi* persuasively put it, even if § 111(a) might on its own include a wider range of actions than just acts of violent force, "§ 111(b)'s additional required element of using a deadly weapon during this encounter would elevate this lower degree of physical force into violent force sufficient to establish § 111(b) as a crime of violence."  *Rafidi*, 829 F.3d at 445-46.  Indeed, using a deadly weapon during an assault would necessarily constitute use, or threatened use, of "force capable of causing physical pain or injury to another person."  *Johnson*, 559 U.S. at 140; 18 U.S.C. § 924(c)(3)(A).  Thus, the § 111(b) charge in Count Three is a "crime of violence" sufficient to serve as a predicate for the § 924(c) charge in Count Four.

## CONCLUSION

The Government's Unopposed Motion for Leave to File [55] is **GRANTED**. It is **RECOMMENDED** that Defendant's Motion to Dismiss Count Four [48] should be **DENIED**.

This matter is **READY FOR TRIAL.**

IT IS SO **RECOMMENDED** and **ORDERED** this 11th day of December, 2019.

_____
**JUSTIN S. ANAND**
**UNITED STATES MAGISTRATE JUDGE**