IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA      :
: 
:
:
:
:      CRIMINAL ACTION NO.
:      1:19-CR-160-LMM-JSA
v.      :
:
MICHAEL TERRELL      :

## ORDER

This case comes before the Court on the Magistrate Judge's Report and

Recommendation ("R&R") [57], recommending that Defendant's Motion to

Dismiss Count Four of the Indictment be denied. After due consideration, the

Court enters the following Order:

### I.    LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and

Recommendation for clear error if no objections are filed to the report. 28 U.S.C.

§ 636(b)(1). If a party files objections, however, the district court must determine

*de novo* any part of the Magistrate Judge's disposition that is the subject of a

proper objection. Id.; Fed. R. Crim. P. 59(b)(3). As Defendant filed objections, the

Court reviews the Magistrate Judge's challenged recommendations on a *de novo* basis. 28 U.S.C. § 636(b)(1).

## II.  DISCUSSION

Defendant objects that Count Four of the Indictment does not qualify as a "crime of violence" under 18 U.S.C. § 924(c) because not all crimes encompassed by 18 U.S.C. § 111 "require the active employment of violent force." Dkt. No. [59] at 2. But as the Magistrate Judge explained, the Indictment alleges a violation of both 18 U.S.C. § 111(a)(1) and § 111(b). See Dkt. No. [57] at 4. And although the Eleventh Circuit has yet to address the question of whether charges under § 111(b) constitute crimes of violence under § 924(c) "every court [that this court is aware of] that has considered the issue has found that it is because the elements of the enhanced offense require the use, attempted use, or threatened use of force capable of causing pain or injury." United States v. Taylor, 848 F.3d 476, 492-93 (1st Cir. 2017) (collecting cases); see also United States v. Bates, No. 1:13- CR-00501-ELR-JFK-1, 2017 WL 9439178, at *13 (N.D. Ga. June 1, 2017), report and recommendation adopted by, 2017 WL 3158762 (N.D. Ga. July 24, 2017) (joining other courts in concluding that "§ 111(b) constitutes a crime of violence within the meaning of § 924(c)") (internal citation omitted). As such, the Court finds that the Magistrate Judge did not err in concluding that the § 111(b) charge in Count Three is a crime of violence sufficient to serve as a predicate for the § 924(c) charge in Count Four. See Dkt. No. [57] at 5. Defendant's objections are therefore overruled.

## III. CONCLUSION

In light of the foregoing, Defendant's Objections to the R&R [59] are

**OVERRULED.** The Court adopts the R&R as the opinion of this Court.

Defendant's Motion to Dismiss Count Four [48] is **DENIED.**

The trial in this action is hereby set to begin on **Tuesday, April 21, 2020**

**at 9:30 A.M.** in Courtroom 2107. The pretrial conference will be held on Tuesday,

April 14, 2020 at 9:30 A.M. in Courtroom 2107. By noon on Wednesday, March 25,

2020, the parties are to file the following: motions *in limine* and proposed *voir dire*

questions. By noon on Wednesday, March 25, 2020, the Government must file a

brief summary of the indictment that the parties can rely on for *voir dire*. By noon

on Wednesday, April 1, 2020, the parties are to file responses to motions *in limine*

and any objections and to those items listed above.

Excludable time is allowed through April 21, 2020, pursuant to 18 U.S.C. §

3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the

reasonable time necessary for effective preparation, taking into account the

exercise of due diligence. The Court finds that the ends of justice served outweigh

the best interest of the public and the Defendant in a speedy trial and are consistent

with both the best interest of the public and individual justice in this matter.

**IT IS SO ORDERED** this 15th day of January, 2020.

Leigh Martin May
**United States District Judge**

3